CASE 49—PETITION EQUITY—SEPTEMBER 15.

## Hibbs, &c., vs. Evans.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

The recognition and enjoyment of an abortive allotment of dower, although it was not altogether eligible and just, for more than twenty years, with their presumed knowledge, precludes purchasers, subject to the dower, from changing or disturbing the boundary so defined.

W. D. GREER and
JOHN RODMAN,                                    For Appellants,
                        CITED—
    3 *Littell*, 472; *Smith and wife vs. Maxwell.*
    1 *Littell*, 168; 3 *Dana*, 371.
    *Civil Code, secs.* 555, 546, 161.

HANDLIN & HODGE,                               For Appellee.

Hibbs, &c., vs. Evans.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Even though the abortive allotment of dower first made to the appellee, if it had been made for the first time by the judgment appealed from, might not be altogether eligible or just to the appellants, yet its recognition and enjoyment, for more than twenty years, the improvements made by her as occupant on the faith of her then unquestioned right, and the presumed knowledge of all this by the appellants when they bought the land, subject to her dower, justified the judgment of the circuit court, which, in effect, only confirmed the allotment first actually made, and so long recognized and enjoyed without disturbance, and preclude the appellants from now changing or disturbing the boundary so defined.

Wherefore, the judgment as now appealed from is affirmed.